UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey O. Miller, | ) C/A No. 8:06-3245-JFA-BHH |
|              Plaintiff, | ) |
| vs. | ) |
| Dr. Tate; | ) |
| Palmetto Orthopaedic & Sport Medicine Center; | ) |
| Tuomey Healthcare Systems; | ) |
| Sumter Anestheiology; | ) |
| Dr. Todd, of Sumter Physical Therapy Clinic; | ) **Report and Recommendation** |
| and Sumter Lee Regional Detention Center, | ) |
|              Defendants. | ) |

The plaintiff, Corey O. Miller (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Sumter Lee Regional Detention Center (SLRDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants two doctors and three health care offices in the private sector, as well as the SLRDC. Plaintiff, who seeks monetary damages, alleges medical malpractice against the physicians and health care providers and medical indifference against the SLRDC. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented,

Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff's § 1983 action alleges medical malpractice against two doctors and several medical offices/health care facilities following a "nerve graft" surgery. The plaintiff also names the SLRDC, where he has been detained since February 19, 2006, for failing to meet his medical needs. Plaintiff states that he began receiving treatment for a nerve injury at Tuomey Healthcare System around December 25, 2003. Plaintiff was referred to Dr. Tate of the Palmetto Orthopaedic and Sports Medicine Center on December 31, 2003, and scheduled for surgery on January 8, 2004. Plaintiff, who was originally scheduled for day surgery, had an adverse reaction to anesthesia during the nerve graft. Plaintiff remained hospitalized for two days, and underwent an additional surgery to remove blood clots that formed in his leg. Plaintiff states he has been unable to work due to "complication of the surgery" and continues to suffer from pain, numbness and loss of usage in his arm and leg.

Plaintiff's complaint lacked financial and service documents, therefore, an Order directing the plaintiff to bring the case into proper form was issued on December 1, 2006. Plaintiff filed a motion for an extension of time to complete the service documents, which

was granted on December 21, 2006. On January 8, 2007, the Court received the needed financial information and numerous service documents from plaintiff. Among the documents submitted, was one entitled "Response to Motion of Extension" which lists several additional medical professionals in the private sector and also names certain employees of the SLRDC.

## Discussion

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Plaintiff's complaint indicates that all defendants, with the exception of the SLRDC, are physicians and health care offices in the private sector.[2] These defendants provided plaintiff with various medical services around the time of his January 8, 2004, nerve graft surgery (but apparently prior to his incarceration at the SLRDC). Although plaintiff may have a state law cause of action against the two physicians and three health care providers, his federal claim must fail.[3]

---

[2] In his "Response to Motion of Extension", plaintiff lists additional individuals associated with the named defendant health care offices and physicians. All appear to be private sector employees who are not subject to suit under § 1983.

[3] While state law claims may be brought into federal court under the diversity statute, 28 U.S.C. § 1332(a), a plaintiff must show ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). The Court has no diversity jurisdiction over this case because, according to the plaintiff's information, he and all but one of the defendants are residents of South Carolina. In absence of diversity of citizenship, the amount in controversy is irrelevant.

Plaintiff's complaint contains no facts to allege that any of the medical offices or doctors acted under color of state law, therefore, his claim is not cognizable under § 1983.

In regards to defendant SLRDC, plaintiff's complaint contains no factual allegations to support a medical indifference claim.[4]  In addition, it is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person."  The SLRDC is a facility used to house prisoners and detainees. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the SLRDC is not a "person" subject to suit under 42 U.S.C. § 1983.  *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), *overruled on other grounds,* Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Since the SLRDC is not a proper defendant in this § 1983 action, it is entitled to summary dismissal.

Recommendation

---

[4] To the extent plaintiff may wish to state a medical indifference claim against the various SLRDC employees listed in his "Response to Motion of Extension", he can file such an action listing them individually as defendants.  Plaintiff's complaint must state the facts of his claim against the individual defendants in the "statement of claims" section, and the relief he requests.

   Accordingly, it is re commended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See* Todd v. Baskerville 712 F.2d at 74, Denton v. Hernandez, 504 U.S. at 31, Neitzke v. Williams, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

                   Respectfully Submitted,

January 16, 2007           s/Bruce Howe Hendricks
Greenville, South Carolina       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).