IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey O. Miller, | ) | C/A No.   8:06-3245-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dr. Tate; Palmetto Orthopaedic & Sports | ) | |
| Medicine Center; Tuomey Healthcare Systems; | ) | |
| Sumter Anestheiology; Dr. Todd of Sumter | ) | |
| Physical Therapy Clinic; and Sumter Lee | ) | |
| Regional Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The *pro se* plaintiff is detainee at the Sumter Lee Regional Detention Center ("SLRDC"). The plaintiff brings this action pursuant to 42 U.S.C. § 1983. The complaint essentially alleges medical malpractice against various private sector physicians and health care offices, as well as an allegation of medical indifference against the Detention Center. Apparently, plaintiff underwent a nerve graft surgery prior to his incarceration at the Detention Center.

In a detailed Report and Recommendation, the Magistrate Judge recommends that the complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted. As the Magistrate Judge correctly reasons, the plaintiff's complaint contains no facts to allege that any of the medical offices or doctors acted under color of state law, and therefore, his claim is not cognizable under § 1983. As to the named defendant, SLRDC, the Magistrate notes that the SLRDC is not a person, rather it is a facility used to house prisoners and detainees. As such, a defendant in a § 1983 action must qualify as a "person" which it does not.

The Report adequately summarizes the facts of this matter and legal standards so such will not be repeated herein.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 16, 2007. On January 30, 2007, the plaintiff filed his objections to the Report and the court has conducted the required *de novo* review.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court agrees with the Magistrate Judge's recommendation and incorporates the Report herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

March 23, 2007
Columbia, South Carolina

3